UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

TRUSTEES FOR THE MASON
TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND, AND TRAINING
PROGRAM FUND, *et al.*,

      Petitioners,

-v-

CONCRETE INDUSTRIES ONE CORP.,
      Respondent.

20-CV-5212 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Petitioners, Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds") and the business manager of the Mason Tenders District Council of Greater New York and Long Island ("the Union"), bring this action against Respondent Concrete Industries One Corp. under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement (the "CBA"), the Employee Retirement Income Security Act of 1974 (ERISA), and the instruments that govern the funds.  For the reasons that follow, the petition is granted.

**I. Background**

  Petitioners are trustees of employee benefit plans and multiemployer plans within the meaning of ERISA.  Their relationship with Respondent has been governed since 2011 by the CBA, which renews annually unless either the Union or Respondent gives written notice.

  The terms of the CBA require Respondent, as an employer, to contribute periodically to the Funds.  Following an audit for the period October 1, 2014, to December 25, 2018, Petitioners

1

claimed that Respondent had been deficient in making its required contributions. They initiated an arbitration proceeding on May 17, 2019, seeking $235,113.50 in delinquent contributions, dues, special political contributions, statutory interest, and audit fees.

Arbitrator Joseph A. Harris mailed a notice to Respondent but received no response. On the appointed day of the arbitration, counsel for Petitioners appeared, but counsel for Respondent did not. After reviewing the audit, and "[b]ased on the credible evidence that was presented," Arbitrator Harris awarded Petitioners the amount they requested initially, as well as statutory damages and fees, as permitted by ERISA and the CBA.

On July 7, 2020, Petitioners filed this action. Respondent was served on August 27, 2020, at the office of the New York Secretary of State. (Dkt. No. 7.) No appearance has been entered on Respondent's behalf, however, and no response to the petition has been filed in the allotted time. On January 19, 2021, Petitioners moved to confirm the Award. (Dkt. No. 10.)

**II.    Discussion**

Section 301 of the Labor Management Relations Act "grant[s] federal courts jurisdiction to enforce arbitration awards issued under collective bargaining agreements." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 221 (2d Cir. 2002). In assessing whether to confirm an award under the Labor Management Relations Act, courts "substantially import[] the analysis of the FAA [Federal Arbitration Act]." *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 n.2 (2d Cir. 2020). Under the FAA, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. "[T]he showing required to avoid summary confirmation of an arbitration award is high." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, No. 14-cv-7333, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,

103 F.3d 9, 12 (2d Cir. 1997)).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted).  Even "a barely colorable justification for the outcome reached" in an arbitration is sufficient for confirmation.  *Kolol Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103–04 (2d Cir. 2013) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).  A court may only deny a petition to confirm an arbitration award on a limited number of grounds, including "corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law."  9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

When a party has failed to appear and contest the motion to confirm arbitration, "the Court must still 'examin[e] the moving party's submission to determine if it has met its burden.'"  *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, No. 14-cv-9507, 2015 WL 5146093, at *1 (S.D.N.Y. Aug. 31, 2015) (Nathan, J.) (quoting *D.H. Blair & Co.*, 462 F.3d at 110).  The plaintiff's motion is "evaluated under the legal standard applicable to a motion for summary judgment."  *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, there is no evidence of a genuine dispute as to any material fact, and Petitioners are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Trust Agreements

establishing the Funds and the CBA permit Petitioners to seek arbitration in the event of Respondent's delinquency. Furthermore, Arbitrator Harris did not exceed his authority, despite miscalculating the liquidated damages owed by Respondent. *See Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618–19 (S.D.N.Y. 2011) ("A party cannot successfully argue that the arbitrators exceeded their authority to award damages where the party did not dispute the arbitrators' authority to award damages generally, but only that they did not properly award damages under the specific facts of the case"). With respect to the miscalculated liquidated damages, the Court agrees with Petitioners that the Award can be modified.[1] As modified, the Award reflects both the relevant CBA and the auditor's finding. It exceeds the deferential standard and should be confirmed.

### III.  Conclusion

For the foregoing reasons, the Award is MODIFIED to reduce liquidated damages to $30,489.26, and the petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount $268,302.76 plus statutory interest, to close the motion at Docket Number 10, and to close the case. Petitioners are directed to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: August 6, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] As Petitioners note, Arbitrator Harris mistakenly "doubl[ed] the interest to calculate liquidated damages." (Dkt. No. 13 at 8.) Under the FAA, a district court may "make an order modifying or correcting the award" where "there was an evident material miscalculation." 9 U.S.C. § 11(a). Petitioners seek liquidated damages in the amount of $30,489.26, the total of the outstanding interest, not the erroneous amount. (*Id*.) The Court modifies the award accordingly.